**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF | No. CV-20-00788-PHX-SPL |
| Advanced Green Innovations LLC, ZHRO Solutions, LLC, and ZHRO Power, LLC, | BK No. 2:19-bk-11766-MCW<br>BK No. 2:19-bk-11771-MCW<br>BK No. 2:19-bk-11768-MCW |
| Debtors. | ADV. No. 2:20-ap-00068-MCW |
| | **ORDER** |
| Advanced Green Innovations, LLC, et al., | |
| Plaintiffs, | |
| vs. | |
| Dual Fuel, LLC, et al., | |
| Defendants. | |

Before the Court is Defendants Dual Fuel, LLC ("Dual Fuel"), Kenneth and Lori Losch (the "Losches"), and Cochise Investment, LLC's ("Cochise," and collectively with Dual Fuel and the Losches, the "Defendants") Motion for Withdrawal of Reference of Adversary Proceeding 2:20-ap-00068-MCW to Proceed in District Court (the "Motion"), which is fully briefed. For the reasons that follow, the Motion will be denied.

## I.    Background

On September 16, 2019, Advanced Green Innovations, LLC ("AGI"), ZHRO Solutions, LLC, and ZHRO Power, LLC (together with ZHRO Solutions, LLC, "ZHRO,"

and collectively with AGI, the "Debtor Plaintiffs") filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code.[1] (Docs. 2 at 4; 4 at 2) The parties involved in the bankruptcy cases and the adversary proceeding are numerous and it is crucial to properly identify them at the outset of this order. In addition to the above-named entities, where the two ZHRO entities are wholly-owned subsidiaries of AGI, the parties are: Green Engine Conversions, LLC, Green Tech Diesel Conversions, LLC, Dual Fuel AZ II, LLC, Conway Feed, LLC, Jeff Beach, Lomar Holdings, LLC, DF Empower, LLC, Beach Corp. (collectively, the "Non-Debtor Plaintiffs," and jointly with the Debtor Plaintiffs, the "Plaintiffs"), and the Defendants.[2] While the three consolidated bankruptcy proceedings were taking place, Plaintiffs filed a complaint and a Motion for Temporary Restraining Order on March 10, 2020 which gave rise to adversary proceeding 2:20-ap-00068-MCW (the "Adversary Proceeding") and subsequently the Motion.

In the complaint giving rise to the Adversary Proceeding, the Plaintiffs bring nine causes of actions against various Defendants. It is important to list the causes of action here because their respective nature dictates whether they are core or non-core claims under the Bankruptcy Code. The nine causes of action are: (1) usurpation of corporate opportunity, (2) fraudulent transfer under Bankruptcy Code §§ 544, 548, and 550, as well as Arizona Revised Statutes ("A.R.S.") § 44-1004, (3) fraud in the sales of securities under A.R.S. §§ 44-1991(A), 44-2001(A), and 44-2003(A), (4) common law fraud, (5) misappropriation under A.R.S. §§ 44-401, *et seq.*, (6) turnover of estate property under Bankruptcy Code § 542(a), (7) constructive trust, (8) temporary restraining order (without notice), injunctive

---

[1] The three Chapter 11 cases are jointly administered. The three case numbers are set forth in the caption of this Order and any reference by the Court to the "Bankruptcy Cases" throughout this Order refers to such three jointly administered cases.

[2] The Court notes that the original Defendants included R. Craig Coppola and Tracy Coppola (the "Coppolas"). However, it appears that the claims involving the Plaintiffs and the Coppolas in the Adversary Proceeding might be resolved. Defendants allege that the Debtors filed a stipulation with the Coppolas to dismiss all claims against them. (Doc. 6, Ex. A) Based on the Court's own review of the various dockets in the Bankruptcy Court associated with this case, the Court further notes that, at the time it is writing this Order, the Bankruptcy Court has not yet ruled on the stipulation.

relief, and (9) avoidance of post-petition transfer under Bankruptcy Code § 549. United States Bankruptcy Court, District of Arizona, case No. 2:20-ap-00068-MCW, doc. 1.

## II.    Standard of Review

A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). However, bankruptcy courts have more limited authority in non-core proceedings; they may "hear and determine" such proceedings, and "enter appropriate orders and judgments," only "with the consent of all the parties to the proceeding." § 157(c)(2); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015). Absent consent, bankruptcy courts in non-core proceedings may only "submit proposed findings of fact and conclusions of law," which the district courts review de novo. § 157(c)(1); *Id.*

A district court may withdraw, in whole or in part, any case or proceeding referred under 28 U.S.C. § 157 on its own motion or on timely motion of any party for cause shown. 28 U.S.C. § 157(d). In determining whether cause exists, the Ninth Circuit considers "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir.2002) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)). A court may also consider that judicial efficiency is best served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in bankruptcy court. The majority of courts in this District addressing this issue have held that bankruptcy courts generally are best equipped to manage all pretrial issues and that the ultimate need for district court adjudication is speculative. *Nat'l Hockey League v. Moyes*, 2010 WL 3719289, at 1–2 (D. Ariz. Sept. 15, 2010) (citing *In re Gorilla Cos., LLC*, 2009 WL 3241759, at 4 (D. Ariz. Oct. 2, 2009)).

### III.   Analysis

The Defendants argue that each of the *In re Canter* factors weigh in favor of a withdrawal of the reference to the Bankruptcy Court to allow the Adversary Proceeding to move forward exclusively in District Court. (Docs. 2 at 5–6; 6 at 2) The Court analyzes each factor in turn.

As a threshold matter, the Defendants argue that the predominant non-core nature of the claims in the Adversary Proceeding provide the foundation for withdrawal because a bankruptcy court cannot enter final judgment on non-core claims. (Doc. 2 at 6–9) Defendants argue that at least five of the nine causes of action arise purely under state law—usurpation of corporate opportunity, securities fraud, fraud, misappropriation, and constructive trust. (Doc. 2 at 5) Defendants argue that only two causes of action are related to the bankruptcy Code: fraudulent transfer, also brought under Arizona state law, and turnover. (Doc. 2 at 5) Furthermore, Defendants argue that one of those two core claims, the fraudulent transfer claim against the Coppolas, will be dismissed because Plaintiffs have entered into a stipulation with the Coppolas, proposing to dismiss all claims against them. (Doc. 6 at 2) Defendants argue that it would leave the turnover cause of action as the only cause of action in the Adversary proceeding which would be considered a core claim under the Bankruptcy Code. (Doc. 6 at 2) Additionally, Defendants argue that the turnover claim itself will likely be dismissed because it "aims to duplicate [the] fraudulent transfer claim." (Doc. 6 at 5, fn. 2)

It is well settled that a bankruptcy court may only submit proposed findings of fact and conclusions of law on non-core claims. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). However, it is also well settled that the non-core nature of the claims in a proceeding do not require the immediate withdrawal of a case referred to the bankruptcy court. *Flores v. Gray Servs. LLC*, 2014 WL 4179888, at *2 (D. Ariz. Aug. 18, 2014) (stating that the existence of non-core claims in a case does not divest the bankruptcy court of its ability to carry out this duty to issue findings of fact and conclusions of law). It is true that this is not a typical case where there is a fairly balanced mix of core and non-core

claims. Absent a specific reference designating a type of claim in the Bankruptcy Code as core, the Ninth Circuit tests the core/non-core nature of a claim by asking whether the action could be brought in a different court; "actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). Additionally, a claim whose outcome could conceivably have any effect on the bankruptcy estate has "related to" jurisdiction in bankruptcy court. *See, e.g.*, *Gillespie v. 100% Nat. Gourmet, Inc.*, 2015 WL 736926, at *2. Furthermore, claims involving a "common nucleus of operative facts" would ordinarily be expected to be resolved in one proceeding. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (holding that courts have applied 28 U.S.C. § 1367, the supplemental jurisdiction statute, to bankruptcy courts to allow them to resolve bankruptcy claims solely based on "related to" jurisdiction). Defendants admit that the Bankruptcy Court may have "related to" non-core jurisdiction over the Debtor Plaintiffs claims for usurpation of corporate opportunity, misappropriation, and constructive trust, but they argue that it is not the case over the fraud and securities fraud claims. (Doc. 2 at 7)

The Court finds that the presence of at least one core claim and several "related to" non-core claims weighs in favor of keeping the reference of the Adversary Proceeding with the Bankruptcy Court. Indeed, most, if not all, of the claims are related to the allegedly fraudulent/criminal conduct of Losch while he was the principal of several entities. Although the vast majority of claims are non-core, even though Plaintiffs argue that they are all claims related to recovering assets and those are core claims, the Court finds that this point weighs in favor of the Bankruptcy Court retaining jurisdiction over the adversary proceeding because it is most familiar with the parties and claims. The Court finds that it is likely the Bankruptcy Court would conclude that it has "related to" jurisdiction over the Debtor Plaintiffs claims for usurpation of corporate opportunity, misappropriation, and constructive trust. Therefore, the Court will not withdraw the reference of the Adversary Proceeding on this basis alone, as suggested by the Defendants.

Next, Defendants argue that they have a right to a jury trial guaranteed by the Seventh Amendment of the United States Constitution, which strongly supports withdrawal of the reference. (Doc. 2 at 9) At the outset, the Court notes that Defendants seem to misconstrue the Ninth Circuit's holding in *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990). Defendants stated that in that case, the Ninth Circuit "held that the failure to withdraw the reference where the moving party has the right to a jury trial on a non-core matter is an abuse of discretion by the District Court." (Doc. 2 at 9) This is not what the Ninth Circuit held. The Ninth Circuit held that the bankruptcy court erred in conducting the jury trial despite a party's failure to consent to the bankruptcy court's jurisdiction. It did not hold that an error was committed by failing to withdraw the reference at the outset of a case because a party refused to consent to a bankruptcy court's jurisdiction over a possible trial. Indeed, the Ninth Circuit reasoned that it is clear why the conflict between the Seventh Amendment's right to a jury trial and 28 U.S.C. § 157(b), which requires a District Court to review *de novo* bankruptcy courts decisions on non-core matters, mandated its holding. *In re Cinematronics*, at 1451. The Seventh Amendment states that "no fact tried by a jury, shall be otherwise re-examined in any Court. U.S. Const. amend. VII. The Ninth Circuit reasoned it was obvious why a bankruptcy court, court of limited jurisdiction under Article I, holding a jury trial without the consent of a party on non-core matters would directly violate the Seventh Amendment. *Id.* The resulting verdict and findings of fact would be reviewed *de novo* by the District Court under its mandate pursuant to 28 U.S.C. § 157(b). *Id.* Furthermore, since that decision, the Ninth Circuit has consistently held that the bankruptcy court should maintain jurisdiction and handle all pre-trial matters. *See, e.g.*, *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (collecting decisions from all Circuits where courts have held that the presence of a right to a jury trial alone does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court). Accordingly, the Court does not find that the fact the Defendants are entitled to a jury trial in the Adversary Proceeding outweighs the other factors supporting the decision to keep the reference with the

1   Bankruptcy Court.

2       Next, Defendants argue that withdrawing the reference will conserve judicial

3   resources, prevent forum-shopping, and ensure uniformity of bankruptcy administration.

4   (Doc. 2 at 10–12) Defendants argue that the Adversary Proceeding is "at the earliest stage."

5   (Doc. 2 at 10) They further argue that no answers or rule 12(b) motions have been filed

6   and no discovery has taken place. (Doc. 2 at 10) They argue that withdrawing the reference

7   is appropriate because all scheduling matters could be addressed by the Court in a single

8   order. (Doc. 2 at 10) The Court is not persuaded by those arguments. As of the date of this

9   Order, Defendants have filed a Rule 12(b) motion in the Adversary Proceeding, and the

10  Bankruptcy Court denied their motion to stay the bankruptcy proceedings pending

11  resolution of the Motion by the Court. United States Bankruptcy Court, District of Arizona,

12  case No. 2:20-ap-00068-MCW, docs. 36, 37. The Bankruptcy Court also issued a

13  temporary restraining order, which it refused to lift at the May 4, 2020 hearing, and set a

14  pre-trial conference/status hearing on the TRO for May 28, 2020 and an evidentiary hearing

15  on the preliminary injunction for June 4, 2020. United States Bankruptcy Court, District of

16  Arizona, case No. 2:20-ap-00068-MCW, doc. 37. The Court finds that the Bankruptcy

17  Court is already familiar with the parties and the claims enough so that keeping the

18  reference of the Adversary Proceeding with the Bankruptcy Court will conserve judicial

19  resources and not disturb the administration of the Bankruptcy Code. There is at least one

20  proof of claim submitted in the Bankruptcy case, by Losch on behalf of Cochise, and the

21  Debtors have submitted their plan for reorganization and disclosure statement on May 2,

22  2020. United States Bankruptcy Court, District of Arizona, case No. 2:19-bk-11766-MCW,

23  docs. 280, 281.

24      Defendants also argue that withdrawing the reference will "ensure that the

25  Bankruptcy Court will not attempt to enter a final judgment on non-core claims." (Doc. 2

26  at 10) This argument is unpersuasive, The Court does not see why the Bankruptcy Court

27  would not be able to discern which claims it has full jurisdiction over and which claims it

28  can only enter findings of facts and conclusions of law over. The Bankruptcy Court

routinely deals with such situations and is very familiar with the distinction between core and non-core claims.

Finally, both parties argue that the others are forum-shopping. Defendants argue that the predominance of non-core claims, sounding in state law, as well as the number of Non-Debtor Plaintiffs compared to the number of Debtor Plaintiffs show that the Plaintiffs as a group are forum-shopping by filing the Adversary Proceeding in the Bankruptcy Court. (Doc. 2 at 11) Plaintiffs argue that Defendants are the ones forum-shopping by arguing that the District Court should take over the Adversary Proceeding because the Defendants argue that the Bankruptcy Court is aware of pending criminal proceedings involving Losch which taints its view of the case instead of conceding that it allows the Bankruptcy Court to be more familiar with the case. (Doc. 4 at 8)

The Court finds neither argument persuasive. Defendants voice concerns about the fact that the Bankruptcy Court is aware of the pending criminal proceedings against Mr. Losch. (Doc. 2 at 11) Defendants specifically argued that the "Plaintiffs refer to the disputed criminal action only to encourage the Bankruptcy Court—the ultimate fact finder—to infer that the Losches must be criminals (despite no adjudication in that hotly disputed case). In other words, the Plaintiffs have a better opportunity to indirectly introduce otherwise inadmissible character evidence to the Bankruptcy Court since the Bankruptcy Court will be the body deciding all fact issues, including witness credibility, and not a jury." (Doc. 2 at 11) This argument is not well-taken. Such argument clearly implies that the Bankruptcy Court might not be able to rule fairly and in accordance with all applicable rules of evidence. Indeed, it seems to imply that if the Bankruptcy Court hears about inadmissible character evidence, as trier of fact, its ruling would be colored by the inadmissible character evidence. This is preposterous and inappropriate. The Bankruptcy Court knows its duty to administer justice in cases it presides over. The Court could also see a possibility, if it had decided to grant the Motion, where Plaintiffs may have attempted to introduce evidence of the criminal proceedings in this Court. Then, Defendants would have probably questioned the ability of the jurors to decide the case

fairly, similarly arguing that they had heard inadmissible character evidence. The fact that Defendants question the ability of the Bankruptcy Court to carry out its duties without respecting the applicable rules or to rule ethically and impartially is misplaced and inappropriate. Defendants should not make a habit of questioning judicial integrity without any foundation for doing so.

Plaintiffs' argument that Defendants are forum-shopping simply because they did not concede that the Bankruptcy Court's familiarity with the facts aids in judicial efficiency is equally unpersuasive. Defendants are making use of a motion to withdraw the reference which is their right. Although the Court found all their arguments unpersuasive, it does not find that Defendants are forum-shopping based on the argument above.

Therefore,

**IT IS ORDERED** that the Motion for Withdrawal of Reference of Adversary Proceeding 2:20-ap-00068-MCW to Proceed in District Court (Doc. 2) is **denied**.

Dated this 22nd day of May, 2020.

Honorable Steven P. Logan
United States District Judge